UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20028-Cr-GRAHAM/McALILEY

UNITED STATES OF AMERICA

v.

ELISA RIVERA,

        **Defendant.**
_____/

## STIPULATED FACTUAL BASIS

The United States and ELISA RIVERA ("the defendant") hereby stipulate and agree that had this matter proceeded to trial, the United States would have offered evidence and testimony to establish the following factual basis beyond a reasonable doubt:

The defendant, who resided in Miami-Dade County, in the Southern District of Florida, was at all relevant times employed full-time in a civilian position by the Miami-Dade Police Department as an Administrative Officer. During the calendar years 2019 and 2020, the defendant remained a full-time employee of the Miami-Dade Police Department and she suffered no loss in salary due to the COVID-19 pandemic. At all relevant times, the defendant maintained an account at Chase Bank. A co-conspirator referred to herein as "Individual 1" was a resident of Cherokee County, Georgia.

The United States Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March

1

2020 that was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. The CARES Act authorized and provided funding to the SBA to provide Economic Injury Disaster Loans ("EIDLs") to eligible small businesses, including sole proprietorships and independent contractors, experiencing substantial financial disruptions due to the COVID-19 pandemic to allow them to meet financial obligations and operating expenses that could have been met had the disaster not occurred. These COVID-19 EIDLs included the possibility of an advance of up to $10,000 which qualifying applicants were not obligated to repay.

To obtain a COVID-19 EIDL, a qualifying for-profit business was required to submit an EIDL application to the SBA and provide information about its operations, such as the number of employees, gross revenues, and the cost of goods sold for the 12-month period preceding January 31, 2020. The applicant also was required to certify under penalty of perjury that all the information in the application was true and correct.   EIDL applications were submitted directly to and processed by the SBA.   The amount of the advance and the amount of the loan approved were determined based, in part, on the information provided in the application concerning the number of employees, gross revenues, and cost of goods sold.   If approved, the advance and the loan proceeds were issued directly by the United States government to the applicant's bank account.

From on or about July 1, 2020, through on or about August 31, 2020, the defendant, Individual 1, and others willfully and knowingly conspired and agreed to knowingly and with the intent to defraud, devise, and intend to devise, a scheme and

2

artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

The purpose of the conspiracy was for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications to the SBA to obtain EIDL advances and loans to which they were not entitled and (b) offering, paying, and receiving fees and kickbacks in return for the submission of these false and fraudulent EIDL applications.

To carry out their conspiracy, the defendant, Individual 1, and other co-conspirators agreed to and did submit and cause the submission to the SBA of multiple fraudulent EIDL applications via interstate wire communications. As a result of the submission of these fraudulent EIDL applications, the defendant and her co-conspirators received SBA pandemic relief funds to which they were not entitled.

Specifically, on or about July 3, 2020, Individual 1, with the defendant's agreement, electronically submitted an EIDL application to the SBA via interstate communications on behalf of the defendant. This application stated that the defendant was an independent contractor and 100% owner of a for-profit business operating under the name "Elisa Rivera." That application, which Individual 1 submitted to SBA for the defendant's

3

benefit, falsely and fraudulently certified that the business named "Elisa Rivera" was established on or about March 1, 2017. It also falsely certified that for the twelve (12) month period prior to January 31, 2020, that business had gross revenues of $325,446 and twelve (12) employees.

In actuality, and as the defendant and Individual 1 knew, the defendant did not own any business, was not an independent contractor, and had no business gross revenues or employees. As a result of this false and fraudulent EIDL application, the SBA on or about July 6, 2020, disbursed a $10,000 advance, and on or about July 13, 2020, disbursed $61,200 in loan proceeds, both disbursements being via Electronic Funds Transfers to the defendant's account at Chase Bank. These Electronic Funds Transfers involved the use of interstate wire communications.

After having Individual 1 submit the fraudulent EIDL application on her behalf, the defendant offered to, and did, submit fraudulent EIDL applications to the SBA on behalf of a limited group of other individuals ("the Applicants") who also did not own small businesses and did not qualify for EIDL relief. It was the intent of the defendant and the Applicants to obtain for the Applicants the $10,000 EIDL advances from the SBA, but not to obtain any additional loan amount. In exchange for submitting these fraudulent EIDL applications to the SBA, the defendant charged Applicants a fee of up to $1,000 each. The defendant electronically submitted these applications to the SBA via interstate wire communications from the Southern District of Florida.

Specifically, as charged in the Information, on or about July 3, 2020, July 7, 2020, and July 8, 2020, the defendant electronically submitted EIDL applications to the SBA on

4

behalf of Applicants that contained false representations as to the existence of their small businesses, their gross revenues, and the number of employees each business had. As a result of these fraudulent applications, certain Applicants received $10,000 EIDL advances from the SBA to which they were not entitled. In addition, on or about July 7, 2020, the defendant requested and received $500 from one of the Applicants as a fee for submitting the EIDL application on their behalf.

The United States and the defendant agree that this Stipulated Factual Basis, while not containing all facts known to the United States, is sufficient to satisfy all the elements establishing the guilt of the defendant to the crime charged in the Information.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 2/24/22  By: _____
Edward N. Stamm
Assistant United States Attorney

Date: 2/23/22  By: _____
Michael Mirer
Attorney for Defendant

Date: 2/23/22  By: _____
Elisa Rivera
Defendant

5