UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-CR-20028-DLG

UNITED STATES OF AMERICA

v.

ELISA RIVERA,

      Defendant.

_____

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Elisa Rivera (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On January 28, 2022, the United States filed an Information charging the Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1371, 1343. Information, [DE 1]. The Information also contained forfeiture allegations, which alleged that upon conviction of a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343, the Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offense pursuant to 18 U.S.C. § 981(a)(1)(C). *Id.* at 6.

On February 24, 2022, the Court accepted the Defendant's guilty plea to the Information. Minute Entry, [DE 7]; Plea Agreement, [DE 8]. As part of the guilty plea, the Defendant agreed to the entry of a forfeiture money judgment in the amount of $2,000 in U.S. currency. [DE 8] at 4.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. Factual Proffer, [DE 9] The

Factual Proffer also provided a basis for the forfeiture of property. *Id.* at 4-5. The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. Presentence Investigation Report, [DE 12].

The Defendant, in agreement with Individual 1, caused Individual 1 to electronically submit an EIDL application to the SBA on behalf of the Defendant, which falsely and fraudulently stated that the Defendant was an independent contractor and owned an established for-profit business, which employed a dozen people, and had gross revenues in 2021 exceeding $325,000. [DE 9]. In actuality, and as the Defendant and Individual 1 knew, the Defendant did not own any business, was not an independent contractor, and had no employees or gross revenues. *Id.* As a result of this false and fraudulent EIDL application, the SBA disbursed to the Defendant both an advance and a loan. *Id.*

After that, the Defendant submitted fraudulent EIDL applications to the SBA on behalf of a limited group of other individuals (the Applicants) who also did not own small businesses and did not qualify for EIDL relief. [DE 9]. It was the intent of the Defendant and the Applicants to obtain for the Applicants the EIDL advances from the SBA, but not obtain any additional loans. *Id.* In exchange for submitting these fraudulent EIDL applications to the SBA, the Defendant charged Applicants a fee of up to $1,000 each. *Id.*; [DE 12] at 8-9. Four Applicants paid the Defendant. [DE 12] at 8-9. As charged in the Information [DE 1] and stated in the Factual Proffer [DE 9], on or about July 7, 2020, the Defendant requested and received $500 from one of the Applicants as a fee for submitting the EIDL application on their behalf.

Based on the Defendant's guilty plea, the Information [DE 1], the Factual Proffer [DE 9], and the Plea Agreement [DE 8], and the record in this case, the total proceeds traceable to the offense of conviction is $2,000 in U.S. currency, which sum may be sought as a forfeiture money

judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Four Applicants paid to the Defendant at least $500 each for the Defendant to submit false and fraudulent EIDL applications, for a total of $2,000, which constitutes proceeds.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $2,000 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 5th day of April 2022.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE