UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20028-cr-GRAHAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ELISA RIVERA,

        Defendant.
                                       /

**SENTENCING MEMORANDUM**

Defendant, ELISA RIVERA, hereby files her Sentencing Memorandum asking this Court to consider a non-prison sentence term and in support of this request states the following:

Probation has correctly calculated Rivera's total offense level at 13. The advisory guideline range is 12 to 18 months. This guideline range falls in "Zone C" of the sentencing guideline table. Zone C sentences may be satisfied by a term of imprisonment or a sentence that substitutes community confinement or home detention for a term of imprisonment, provided at least half of the minimum term is served in prison. Therefore, an advisory guideline sentence requires a minimum term of 6 months imprisonment. The remaining term can be satisfied with community confinement or home detention.

Sentencing, however, does not end with this guideline calculation. Once an advisory guideline is calculated, this Court must consider the factors set forth in Title 18 U.S.C. § 3553 when fashioning an appropriate sentence in this case. *United States v. Talley*, 786 F.3d 784, 786 (11th Cir. 2005). The Court is not confined to a guideline sentence when determining a sentence that is sufficient but not greater than necessary.

CASE NO. 22-20028-cr-GRAHAM

18 U.S.C. §3553(a).  Thus, the advisory guideline calculation is only the starting point. And, in this case, the low end - - 12 months - - is more than Rivera should receive.

As the PSI reflects, Rivera is a 50 year-old woman with a long history of physical and mental health issues.  After becoming pregnant at 15, she was pushed to marry Suarez, the father of her child. The two had another child together just three years later. Her husband was abusive and an alcoholic.  Rivera moved herself and two children to Miami to live with her mother.  She was still legally married to Suarez when he died at the age of 47.

Despite being married (and becoming a parent) at such a young age, Rivera pursued her education.  She eventually found her way to a job with the Miami-Dade Police Department. She has never abused alcohol or drugs.  She has had ZERO contact with the criminal justice system prior to this offense.  In other words, Rivera does not pose the type of risk to society that necessitates a prison sentence.

Rivera understands the severity of the offense, the need to promote respect for the law and provide punishment.  In an effort to demonstrate her regret, Rivera cooperated fully with law enforcement.  She disclosed the circumstances of the offense and provided details about the monies received.  This includes the fact that she received approximately $3500 for helping others obtain $90,000 in loans.  Although Rivera fully accepts responsibility for having assisted others in obtaining those funds, it is notable that the additional $90,000 (of which she personally received $3500) pushed her guideline range 4 levels higher.

Rivera has suffered serious financial consequences for her actions as well.  She ws

CASE NO. 22-20028-cr-GRAHAM

forced to resign from her job of 26 years. She is currently living off her husband's $2000 a month salary and the outstanding vacation time owed to her from MDPD. Part of her monthly expenses include repayment of the loan that is at the center of her offense. However, she is quickly coming to a point where that additional money will be depleted. Finding a job and getting back on her feet is of paramount importance. A sentence that does not include a term of imprisonment will give her the ability to do so.

In light of the types of sentences this Court may impose when confronted with an advisory guideline range in Zone C, the request Rivera is making is not an extraordinary one. A non-prison sentence will insure that Rivera is able to be an active member of society. It will also insure Rivera receives the benefit of the steps she took post-arrest to demonstrate her remorse and full acceptance of responsibility. Most importantly, a non-prison term will insure Rivera receives a sentence that is sufficient but not harsher than necessary.

WHEREFORE, Rivera respectfully requests this Court consider these and any other arguments raised at her sentencing hearing when fashioning an appropriate sentence in this case.

Respectfully submitted,

*/s/ Michael Mirer*

**MICHAEL MIRER, ESQ.**
100 N. Biscayne Blvd.
Suite 1300
Miami, Florida 33130
Telephone:   (305) 536-6177
Facsimile:    (305) 536-6179
E-mail:        michael@mirerlaw.com
Florida Bar No. 119490

CASE NO. 22-20028-cr-GRAHAM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 3rd day of May, 2022.

*/s/ Michael Mirer*
**MICHAEL MIRER, ESQ.**